UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
AUG 29 2008
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| CYNTHIA GLASS<br>2412 Skyland Place, SE<br>Washington, D.C. 20020<br><br>Plaintiff,<br><br>v.<br><br>MARY PETERS,<br>SECRETARY,<br>United States Department of Transportation<br>1400 New Jersey Avenue, SW<br>Washington, D.C.<br><br>Defendant. | Case: 1:08-cv-01516<br>Assigned To : Kollar-Kotelly, Colleen<br>Assign. Date : 8/29/2008<br>Description: Employ. Discrim. |

JURY ACTION

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

Introduction:

1.  Plaintiff Cynthia Glass, a current employee of Defendant Mary Peters, Secretary of the Department of Transportation, brings this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.*, seeking redress for race and sex discrimination and retaliation for prior protected activities. Specifically, Ms. Glass seeks relief for her employer's actions in denying her promotion and for retaliation against her for using Defendant's equal employment opportunity process.

Jurisdiction:

2.  Jurisdiction in this Court is invoked pursuant to 42 U.S.C. §2000e-5(f) and 28 U.S.C. §§1331, 1343(4), 1346 and 1347.

3. All actions complained of herein involve a Plaintiff and a Defendant who have an employment relationship, the subject of this Complaint. The actions upon which this law suit relies have taken place within the jurisdictional boundaries of the District of Columbia.

Parties:

4. Ms. Glass, an African American female, has been employed by Defendant Mary Peters since December 2, 2002, as a Safety Defects Engineer, at the GS-13 level, for the National Highway Traffic Safety Administration (NHTSA), a part of the United States Department of Transportation. Ms. Glass is employed in Washington, D. C.

5. Defendant Mary Peters is the Secretary of the United States Department of Transportation, with responsibility to insure that the federal agency operates free from the burden of racial bias and unlawful retaliation. Defendant has employed over 500 employees at all times relevant hereto. Ms. Peters has overall supervisory authority over Plaintiff's first level supervisor, Thomas Cooper and Plaintiff's second level supervisor Kathleen Demeter.

Statement of Material Facts:

6. On June 5, 2007, Plaintiff Glass was notified of her non-selection for the position of Division Chief of the Correspondence Research Division (CRD), advertised under Vacancy Announcement Number NHTSA.NVS-2007-0021. That position is at the GS-14 level.

7. The position was announced or advertised in March 2007. On March 16, 2007, Ms. Glass applied online for the position and on April 16, 2007 she was interviewed. However, the interview was not scheduled in advance. Plaintiff was asked to the

interview by Ms. Demeter who saw her in the hallway and asked her to go into her office for an interview. Plaintiff underwent the interview process with no opportunity to prepare for it.

8. During the interview, Ms. Demeter pointed out alleged errors made on correspondence during Plaintiff's detail as acting Chief of CRD. Most were "errors" about Ms. Demeter's preferences on wording. The interview did not cover the dramatically beneficial changes Ms. Glass crafted during her tenure as acting Chief. For example, Plaintiff eliminated the backlog the office had when she started the detail.

9. On June 5, 2007, in front of others in the office, Ms. Demeter told Ms. Glass that she was not selected for the position of Division Chief of CRD. Ms. Glass was embarrassed by the method Ms. Demeter used to inform her of the non-selection.

10. On June 19, 2007, Plaintiff contacted Defendant's in-house Equal Employment Opportunity office about filing an EEO complaint for her non-selection. In August 2007 Plaintiff learned that a less qualified male, Ronald Fields, who is African American, was selected for the Chief of CRD position.

11. Plaintiff Glass was the Acting Division Chief of CRD from January 16, 2007 to July 2, 2007, reporting directly to Ms. Demeter. However, personnel records erroneously reflect that the detail was effective from February 18, 2007 through June 18, 2007.

12. The erroneous dates prevented Plaintiff Glass from earning extra pay for the work she performed on the detail as Division Chief.

13. Plaintiff requested Ms. Demeter to have Human Resources correct the error to reflect accurately the time frame of her detail to the GS-14 Division Chief position. Ms.

Demeter denied the request, claiming it would take too much effort for Personnel to correct the record.

14. In October 2007 during Plaintiff's meeting with her first level supervisor, Thomas Cooper, to discuss her annual performance review, she requested that her review reflect that for approximately six months she had performed in the higher graded GS-14 Division Chief of CRD position. Mr. Cooper refused to include a statement which would show she had performance in the higher graded position.

15. At each annual performance review and during her mid-year reviews, Plaintiff Glass had requested that she be promoted to the GS-14 level of the Safety Defects Engineer position. Ms. Glass was qualified for the promotion and others similarly situated did receive promotions in similar circumstances. Ms. Glass, however, did not receive a promotion to GS-14 in 2003, 2004, 2005 or 2006.

16. In October 2007 Plaintiff Glass again requested she be promoted and Ms. Glass was denied promotion to the GS-14 grade level of the Safety Defects Engineer position.

17. Two co-workers who are also safety defects engineers but do not have a master's degree in engineering as Plaintiff does, have been promoted to GS-14 positions. Both are Caucasian. The decisions regarding promotions to the GS-14 level were made by Ms. Demeter, who is the same official who has denied Plaintiff Glass her promotions.

18. Caucasian co-workers, with fewer qualifications and/or fewer years of direct experience than Plaintiff, have been promoted to the GS-14 level.

19. Male co-workers, with fewer qualifications and/or fewer years of direct experience than Plaintiff, have been promoted to the GS-14 level.

20. In the past, during Plaintiff's mid-year and annual performance review meetings with Mr. Cooper, when she inquired about being promoted, Mr. Cooper would entertain her questions and requests. Only later would she be informed that she would not be promoted. However, since she filed an EEO complaint, Mr. Cooper would not even entertain her request to discuss the promotion during their meeting for her performance review. Instead, he responded that she was not going to be promoted. He specifically told Ms. Glass "don't ask me that any more. You are not going to get promoted." Mr. Cooper was very adamant and sounded frustrated as if he were talking to a child. He sounded different than in the past.

Exhaustion of Administrative Remedies:

21. On July 9, 2007, Plaintiff Glass contacted an EEO counselor and filed a formal EEO complaint on August 1, 2007. Since Defendant has not even sought a resolution of this matter and many more than 180 days have passed from the filing of the formal complaint, Ms. Glass has exhausted her administrative remedies and files this civil action.

Claims

COUNT I   Adverse Employment Actions Taken Against Plaintiff on the Basis of Race.

Paragraphs 1 through 21 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of her race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT II     Adverse Employment Actions Taken Against Plaintiff on the Basis of Sex.

Paragraphs 1 through 21 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of her sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

COUNT III    Adverse Employment Actions Taken Against Plaintiff on the Basis of Retaliation.

Paragraphs 1 through 21 are incorporated herein by reference. The unlawful actions taken against Plaintiff, resulting in the failure to be promoted, the loss of compensation and lost opportunities for advancement, which, if uncorrected, will continue causing harm, were committed because of her participation in protected activity in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*

Relief Requested

WHEREFORE, Plaintiff Cynthia Glass respectfully requests that this Court:

1. Issue a declaratory judgment that the acts and practices of Defendant complained of herein have violated the civil rights of Plaintiff Glass;

2. Order Defendant to award Plaintiff actual damages for her lost wages and lost benefits and interest on the value of the lost wages and benefits for the failure to promote her and the failure to properly compensate her for work performed;

3. Order Defendant to promote Ms. Glass to a GS-14, at the step she would have been but for the unlawful discrimination she suffered;

4. Order Defendant to amend Plaintiff's personnel records to accurately reflect the work she performed and the level of her performance.

5. Enjoin Defendant from committing further acts of retaliation against Plaintiff Glass.

6. Order Defendant to award Plaintiff compensatory damages in an amount of $300,000 for the harm she has suffered as a result of Defendant's unlawful actions in violation of Title VII of the Civil Rights Act of 1964.

7. Order Defendant to pay reasonable attorneys' fees and litigation expenses incurred in this matter; and

8. Order such additional relief as the Court deems proper and just.

## Jury Demand

Plaintiff Glass demands a trial by a jury of her peers for all claims contained herein.

Respectfully submitted,

Gary T. Brown,
D.C. Bar # 246314
GARY T. BROWN & ASSOCIATES
1111 Fourteenth Street, N.W.
Suite 1000
Washington, D.C. 20005
(202) 393-4900
Attorney for Plaintiff Cynthia Glass

# CIVIL COVER SHEET

JS-44
(Rev.)

08-1516
CKK

## I (a) PLAINTIFFS
Cynthia Glass

1104

## DEFENDANTS
Mary Peters, Secretary,
U.S. Department of Transportation

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Washington, D.C.
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Gary T. Brown & Associates
Suite 1000
1111 14th St., N.W.
Washington, D.C. 20005
(202) 393-4900

ATTORNEYS

Case: 1:08-cv-01516
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 8/29/2008
Description: Employ. Discrim.

JURY ACTION

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
⦿ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|   | PTF | DFT |   | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

3

| ○ G. *Habeas Corpus/* 2255 | ☒ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊙ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. Plaintiff was not promoted and her career harmed otherwise because of her race or sex

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ _____    Check YES only if demanded in compl:    JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE August 18, 2008 / 29    SIGNATURE OF ATTORNEY OF RECORD  [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.